# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| TIDES AT WALNUT PARK, <br><br> Plaintiff, <br><br> v. <br><br> DARYL LARAY JOHNSON, <br><br> Defendant. | Case No. 2:24-cv-02097-RFB-MDC <br><br> **ORDER** |

On November 8, 2024, Defendant Daryl Laray Johnson, proceeding *pro se*, filed a Notice of Removal in this eviction action, and simultaneously filed a motion to proceed *in forma pauperis*. ECF No. 2. On November 18, he filed an emergency motion to stay. ECF No. 5. For the reasons set forth below, the Court *sua sponte* remands this case for lack of subject matter jurisdiction and denies the pending motions as moot.

### I.   LEGAL STANDARD

Federal courts are of limited jurisdiction. Lowdermilk v. U.S. Bank Nat'l Ass'n, 479 F.3d 994, 997 (9th Cir. 2007). A state court action can only be removed if it could have originally been brought in federal court. Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996). A federal district court has original jurisdiction under federal question and diversity jurisdiction. 28 U.S.C. §§ 1331, 1332. These removal statutes are strictly construed against removal. Moore–Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009). Therefore, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). The Court is constitutionally required to raise issues related to federal subject matter jurisdiction, and may do so *sua sponte*. Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 93–94 (1998); see also Indus. Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1092 (9th Cir. 1990).

## II.      DISCUSSION

Defendant has failed to show that removal is proper based on federal question jurisdiction. Federal courts have original jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A claim "arises under" federal law if, based on the "well-pleaded complaint rule," the plaintiff alleges a federal claim for relief. Vaden v. Discovery Bank, 556 U.S. 49, 60 (2009). Defenses and counterclaims asserting a federal question do not satisfy this requirement. Id.

Although Defendant does not attach the state-court complaint to his filings, there is no federal question apparent in the state action described in the Notice of Removal. Defendant's statement of facts indicates that the underlying claim involves his eviction for failure to pay rent. He maintains that removal is proper because of "the alleged use of personal information in violation of federal privacy laws, including the Fair Credit Reporting Act, and potential violations of the Fair Debt Collection Practices Act." ECF No. 2-1. However, neither defenses nor counterclaims are considered in evaluating whether a federal question appears on the face of a Plaintiff's complaint. Vaden, 556 U.S. at 60 (finding federal question jurisdiction cannot "rest upon an actual or anticipated counterclaim"). Accordingly, to the extent Defendant's anticipated defenses and counterclaims may be based on alleged violations of federal law, those defenses and counterclaims cannot provide a basis for federal question jurisdiction.

Nor does this court have diversity jurisdiction over the matter. Under 28 U.S.C. § 1332, a federal district court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States." 28 U.S.C. § 1332(a)(1). A removing defendant bears the burden of establishing the amount in controversy by a preponderance of the evidence. Cohn v. Petsmart, Inc., 281 F.3d 837, 839 (9th Cir. 2002).

Defendant alleges that he is resident of Nevada and Defendant is "a corporation or individual with its principal place of business in Delaware[.]" He further states that the amount in controversy exceeds $75,000. However, he fails to provide the complaint in order for the Court to assess whether the amount in controversy exceeds $75,000. Nothing in the Notice of Removal

supports the contention that a complaint seeking eviction meets that threshold. See Gaus, 980 F.2d at 566–67 ("If it is unclear what amount of damages the plaintiff has sought . . . then the defendant bears the burden of actually proving the facts to support jurisdiction, including the jurisdictional amount.").

Furthermore, the forum defendant rule "confines removal on the basis of diversity jurisdiction to instances where no defendant is a citizen of the forum state." Lively v. Wild Oats Mkts., Inc., 456 F.3d 933, 939 (9th Cir. 2006). Since Defendant is a citizen of Nevada, the Court finds that the forum defendant rule applies. § 1441(b)(2); see also Spencer v. U.S. Dist. Ct., 393 F.3d 867, 870 (9th Cir. 2004) ("It is thus clear that the presence of a local defendant at the time removal is sought bars removal."). Therefore, the Court does not have subject matter jurisdiction over this case. Where removal was improper, the case may be remanded. 28 U.S.C. § 1447.

### III.　CONCLUSION

**IT IS THEREFORE ORDERED** that this case is remanded to the state court where it was initially filed.

**IT IS FURTHER ORDERED** that Johnson's motion for leave to proceed *in forma pauperis* [ECF No. 2] is **DENIED** as moot.

**IT IS FURTHER ORDERED** that Johnson's emergency motion to stay summary eviction [ECF No. 5] is **DENIED** as moot.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to close the case.

**DATED:** November 19, 2024.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**